NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2594-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ROBERT G. CASON, a/k/a
ROBERT CASON, ROBERT GUY
CASON, R. GUY CA'SON,
ROBERT GUY CASOM, JAMES
WISON,

 Defendant-Appellant.
_________________________________

 Submitted June 7, 2017 – Decided July 14, 2017

 Before Judges Accurso and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 09-03-0374.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven M. Gilson, Designated
 Counsel, on the brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Nancy A. Hulett,
 Assistant Prosecutor, of counsel and on the
 brief).

 Appellant filed a pro se supplemental brief.
PER CURIAM

 Defendant, Robert G. Cason, appeals from the December 3, 2015

order denying his petition for post-conviction relief (PCR), and

declining to conduct an evidentiary hearing.

 Tried to a jury, defendant was convicted of second-degree

eluding, N.J.S.A. 2C:29-2b, and the disorderly persons offense of

resisting arrest, N.J.S.A. 2C:29-2a(1) (as a lesser included

offense of third-degree resisting arrest, N.J.S.A. 2C:29-2a(3),

which was charged in the indictment). Defendant was sentenced to

three years' imprisonment for eluding, and a concurrent term of

six months imprisonment for resisting arrest.

 Defendant appealed and we affirmed his conviction and

sentence. State v. Cason, No. A-4236-11 (App. Div. June 18, 2014).

The Supreme Court denied defendant's petition for certification.

220 N.J. 100 (2014).

 Defendant filed a pro se PCR petition on February 24, 2015.

He asserted, generally, ineffective assistance of trial counsel.

PCR counsel was assigned, and a brief was filed under counsel's

name. The matter came before Judge Alberto Rivas for oral argument

on December 1, 2015. Defendant's PCR counsel informed the judge

that defendant was the true author of the brief submitted under

counsel's name and indicated that defendant wished to personally

argue the case. The judge granted the request.

 2 A-2594-15T3
 Essentially, defendant contended that his trial counsel did

not conduct an adequate investigation in preparing for trial. He

supported his argument by pointing out minor inconsistencies in

the testimony of various witnesses, minor inconsistencies between

the testimony of a police officer and the contents of that

officer's report, and the like.

 The judge noted that defendant's trial counsel had cross-

examined the witnesses thoroughly, pointing out such

inconsistencies. The judge also noted that defendant had filed

no affidavits or certifications in support of his PCR petition,

by individuals possessing personal knowledge, setting forth what

facts would have been disclosed by a more thorough investigation

and how those facts would have had the probability of changing the

outcome of the trial.

 Further, the judge pointed out that defendant was essentially

convicted by his own words, having told the police in the aftermath

of the incident that he was sorry for not stopping when he was

signaled to do so and admitting that he knew he was on the suspended

list and had an outstanding warrant, but wanted to get his car

home. Rather than pulling over along the highway, he drove to the

apartment complex where he lived, at which time he finally stopped.

His statement to the police had been ruled admissible after a

 3 A-2594-15T3
Miranda1 hearing. Defendant testified at trial and further

acknowledged that he saw the police lights and heard the sirens,

as a result of which he knew he was supposed to stop, but he did

not. At trial, he also acknowledged that he knew his license was

suspended, but denied that he was aware a warrant was outstanding

for unpaid traffic tickets.

 Defendant also criticized the trial strategy developed by his

trial counsel. That strategy was to downplay the events,

characterizing them as a traffic violation and a motor vehicle

stop, as opposed to criminal activity. The judge noted that this

was a sound strategy in light of the evidence the State was

expected to present, including defendant's admissions in his

statement to the police.

 Judge Rivas found defendant's arguments unpersuasive. He

outlined the controlling legal principles, including the two-prong

Strickland/Fritz2 test, which requires a showing of deficient

performance by trial counsel and a likelihood that, but for the

deficient performance, the result of the trial might have been

different. As to trial strategy, the judge noted that courts must

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).
2
 Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987).

 4 A-2594-15T3
be highly deferential and avoid second guessing strategic

decisions made at the time of trial, citing State v. Savage, 120

N.J. 594, 617 (1990).

 Judge Rivas concluded:

 None of the arguments that are raised by
 Mr. Cason require an evidentiary hearing at
 this time. There is no factual dispute
 regarding [defense counsel's] performance.
 Like I said, much of the arguments raised by
 Mr. Cason in his brief and his oral argument
 focuses on minute issues and differences of
 perception, which do not rise to a level to
 call into question the quality of the
 performance or the trial.
 A defendant must do more than just make
 bald assertions that he was denied ineffective
 assistance of counsel. He must allege facts;
 facts sufficient to demonstrate counsel's
 allegedly substandard performance. In order
 to do that, the application must be supported
 by affidavits or certifications, none of which
 were filed in this particular case.
 The test is: But for the counsel's
 error, the result would be different.
 Strickland, [supra, 466 U.S. at 694, 104 S.
 Ct. at 2068, 80 L. Ed. 2d at 698.]
 Mr. Cason has failed to show that his
 counsel performed deficiently under
 constitutional standards. He has failed to
 show there's a reasonable likelihood of
 success on the merits. And based on what has
 been stated on the record, the [c]ourt having
 considered the moving papers, the [c]ourt
 finds that Mr. Cason's petition for post-
 conviction relief has not adduced sufficient
 evidence to warrant an evidentiary hearing or
 to require a finding of ineffective assistance
 of counsel. Defendant's request for post-
 conviction relief is denied at this time.

 5 A-2594-15T3
 On appeal, in the brief filed by defendant's counsel, a single

argument is presented:

 THIS MATTER MUST BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CLAIM OF TRIAL
 COUNSEL'S INEFFECTIVENESS FOR FAILING TO
 ADEQUATELY INVESTIGATE HIS CASE.

Defendant has filed a supplemental pro se brief, in which he raises

the following additional arguments:

 POINT [I]

 THE TRIAL AND RESULTING CONVICTION VIOLATED
 THE STATE'S DOCTRINE OF FUNDAMENTAL FAIRNESS.
 ASIDE FROM HAVING EXCULPATORY VALUE, THE
 WEATHER REPORTS HAD IMPEACHMENT VALUE IN ITS
 NON-DISCLOURE BY THE STATE AND COUNSEL. A
 VIOLATION OF [DEFENDANT]'S DUE PROCESS RIGHTS,
 WHICH WAS COMPOUNDED BY THE SUPERIOR COURT'S
 DENIAL OF A[] HEARING ON DECEMBER 1[,] 2015.

 POINT [II]

 COUNSEL ERROR: INEFFECTIVENESS OF COUNSEL
 FAILURE TO MITIGATE.

 POINT [III]

 MATERIALLY INCONSISTENT STATEMENTS BY THE
 STATE[']S WITNESS CREATING A DEPRIVATION OF
 DUE PROCESS.

 POINT [IV]

 INSUFFICIENT EVIDENCE TO PROVE AN ATTEMPT TO
 ELUDE.

 POINT [V]

 HEARSAY STATEMENTS BY THE PRINCIP[AL] AND
 ASSISTING OFFICERS.

 6 A-2594-15T3
 POINT [VI]

 THE COURT ERRED ON DECEMBER 1[,] 2015 BY NOT
 CONSIDERING PROSECUTORIAL MISCONDUCT AS A
 PROBATIVE MITIGATING FACTOR FOR DEPRIVATION OF
 DUE PROCESS.

 Defendant's arguments are completely lacking in merit and do

not warrant discussion in a written opinion. R. 2:11-3(e)(2). We

nevertheless offer the following brief comments.

 Defendant's unsupported assertion that his attorney failed

to adequately investigate the case is not sufficient to entitle

him to post-conviction relief or to an evidentiary hearing. Such

an assertion must be supported by an affidavit or certification,

made on personal knowledge, stating the facts which would have

been found if a more thorough investigation had been conducted,

and how those facts might have changed the outcome. State v.

Cummings, 321 N.J. Super. 154, 170-71 (App. Div.), certif. denied,

162 N.J. 199 (1999). Merely raising allegations of ineffective

assistance, without competent evidence sufficient to establish the

required prima facie showing, does not entitle a defendant to an

evidentiary hearing. Id. at 170.

 Nothing in the trial record evidenced a lack of familiarity

with the facts in the case on the part of trial counsel. Indeed,

the record demonstrates the opposite. We agree with Judge Rivas

that trial counsel employed a sound strategy in light of the

 7 A-2594-15T3
evidence with which he would be confronted. This included

defendant's admission. And, trial counsel executed that strategy

very competently in the manner in which he conducted himself

throughout the trial.

 Evidentiary hearings may be granted on a PCR petition if the

defendant establishes a prima facie case of ineffective assistance

of counsel. State v. Preciose, 129 N.J. 451, 462 (1992). Such

hearings are only required if resolution of disputed issues are

"necessary to resolve the claims for relief." R. 3:22-10(b).

Hearings shall not be granted if they "will not aid the court's

analysis of the defendant's entitlement to post-conviction

relief," or "if the defendant's allegations are too vague,

conclusory or speculative." R. 3:22-10(e)(1) and (2). In order

to establish a prima facie case, a defendant must demonstrate a

reasonable likelihood that he or she will ultimately succeed on

the merits. State v. Marshall, 148 N.J. 89, 157-58, cert. denied,

552 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).

 Defendant's contentions are indeed vague, conclusory and

speculative. They are unsupported by competent evidence setting

forth specific facts that are in dispute. There was no basis in

this case for an evidentiary hearing, and Judge Rivas correctly

declined to conduct such a hearing.

 8 A-2594-15T3
 We affirm substantially for the reasons expressed by Judge

Rivas in his oral opinion of December 1, 2015.

 Affirmed.

 9 A-2594-15T3